LOTTINGER, Judge.
This is a “slip and fall” case, wherein the plaintiff alleges that he slipped on a piece of foreign material in the produce section of the defendant’s store. From a judgment in favor of the defendant and dismissing the plaintiff’s suit, the plaintiff has perfected this appeal.
The record points out that late on the afternoon of February 26, 1966, the plaintiff, C. L. Barker, entered the defendant’s supermarket in Ponchatoula, Louisiana, for the single purpose of purchasing a fresh coconut. The plaintiff proceeded directly to the produce section of this supermarket, obtained the coconut, turned around and proceeded toward the cash register. While still in the produce section, and while proceeding to the cash register; the plaintiff stepped on a foreign substance which caused him to slip and fall to the floor. The plaintiff testified that this foreign matter seemed to him to be smashed celery of from four to five inches in length. He stated that a young boy who was working in the produce section immediately came to him and asked whether he was hurt, and both he and the young boy shoved the smashed section of celery underneath one of the produce display boxes. On cross examination, Mr. Barker stated that he had not seen the celery when he walked into the store going to get the coconut, nor did he know how it got there, nor how long it had been there.
A former employee of the defendant, whose job it was to sweep the floors, testified that he had swept the particular area in question at between 5:30 and 6:00 p. m. the day of the accident. He testified that the store was always swept late in the day so as to be clean and prepared for the next morning. The individual who helped the plaintiff immediately after he fell, and who was a former employee of the defendant at the time of the trial, testified that on Saturdays, the accident having happened on a Saturday, the store was swept two or three times. This witness further pointed out that particular attention was paid to the produce section to make certain that no foreign matters were allowed to stay on the floor for any length of time.
In Peters v. Great Atlantic & Pacific Tea Company, Inc., 72 So.2d 562 (La.App.2d Cir., 1954), the Court very clearly discussed the law as applicable to slip and fall cases, as follows:
“Plaintiff’s cause of action arises from LSA-C.C. art. 2316, declaring persons are responsible for the damage occasioned by their negligence, imprudence or want of skill. Under this statute a store keeper has the responsibility to provide a safe place for his customers. He is not the insurer of their safety, however, and need only to keep floors and passage ways in a reasonably safe condition for use in a manner consistent with the purpose of the premises. See: Savoy v. G. F. Poole Mortuary, Inc., La.App.1952, 60 So.2d 108; Boucher v. Paramount-Richards Theatres, Inc., La.App.1947, 30 So.2d 211; Lawson v. D. H. Holmes Co., Ltd., La.App.1941, 200 So. 163; Greeves v. S. H. Kress & Co., La.App.1940, 198 So. 171; Bartell v. Serio, La.App.1938, 180 So. 460; Bell v. Feibleman & Co., Inc., La.App.1935, 164 So. 273; Grigsby v. Morgan & Lindsey, La.App.1933, 148 So. 506; Huber v. American Drug Stores, 1932, 19 La.App. 430, 140 So. 120.
*927 “He must exercise the degree of care that would be exercised by an ordinary prudent man under similar circumstances. See: Ellington v. Walgreen Louisiana Co., Inc., La.App.1949, 38 So.2d 177; Knight v. Travelers Insurance Co., La.App. 1947, 32 So.2d 508.
“His liability arises only when injuries are caused by his negligence; Bishop v. F. W. Woolworth & Co., La.App. 1942, 8 So.2d 701, and not as a result of an extraneous object in the store or upon the floor unless the object was dangerous and allowed to remain a source of danger for a longer period of time than that in which it should have been discovered and removed. Joynes v. Valloft & Dreaux, Inc., La.App.1941, 1 So.2d 108.
“It is the settled jurisprudence of this state that the doctrine of res ipsa loquitur is inapplicable to a store keeper whose obligation toward his customer is the use of ordinary care to keep aisles, passage ways, floors and walks in a reasonably safe condition, and no presumption of fault of the store keeper arises from the mere fact of injury to a customer. See: Bartell v. Serio, La.App.1938, 180 So. 460; Powell v. L. Feibleman & Co., Inc., La.App.1939, 187 So. 130; Battles v. Wellan, La.App.1940, 195 So. 663; Greeves v. S. H. Kress & Co., La.App.1940, 198 So. 171; Lawson v. D. H. Holmes Co., Ltd., La.App.1941, 200 So. 163; Joynes v. Valloft & Dreaux, Inc., La.App.1941, 1 So.2d 108; Relf v. Aetna Casualty & Surety Co., La.App.1941, 1 So.2d 345; Hays v. Maison Blanche Co., La.App.1947, 30 So.2d 225.
“One who asserts an obligation for a breach of duty bears the burden of establishing it by a preponderance of the evidence except where his opponent is the most cognizant of facts necessary to decide the issue. See: Louisiana Tractor & Machinery Co. v. Henry, La.App. 1945, 24 So.2d 188; Morris v. Vining, La.App.1950, 49 So.2d 458; Commercial Union Fire Insurance Co. v. Thibodaux, La.App.1952, 60 So.2d 425.”
Considering that the defendant’s store had an established procedure of cleaning the floors shortly before closing time; that the floors were swept on the day of the accident between 5:30 and 6:00 p. m.; that the plaintiff testified that he was in the store late in the afternoon, and it could have been around 6:00 p. m., we do not feel that the plaintiff has carried the burden of proof in that he has not proved that the foreign matter was “placed or left in the position in which it caused the accident by the storekeeper, his agents or employees; or, if placed by someone else, the storekeeper, his agents or employees must have had real knowledge of this, or that it had remained in such position of danger for such a length of time that they would have constructive knowledge of it and failed to remove it.” LeJeune v. Hartford Accident and Indemnity, 136 So.2d 157, 159 (La.App. 3rd Cir. 1961).
Therefore, we find no error in the judgment of the Trial Court, and for the above and foregoing reasons affirm said judgment. All cost of this appeal to be paid by plaintiff-appellant.
Judgment affirmed.