300 So.2d 653 (1974)
Charles J. CALAMARI and Mary MANALE, wife of Charles J. Calamari
v.
WINN DIXIE OF LOUISIANA, INC., and the Continental Insurance Companies.
No. 5756.
Court of Appeal of Louisiana, Fourth Circuit.
July 9, 1974.
Rehearing Denied October 9, 1974.
*654 David H. Seelig, Seelig & Cosse, New Orleans, for plaintiffs-appellants.
James F. Holmes, Christovich & Kearney, New Orleans, for defendants-appellees.
Before GULOTTA, J., and GAUDIN and ZACCARIA, JJ. Pro Tem.
H. CHARLES GAUDIN, Judge Pro Tem.
This is an appeal by Mr. and Mrs. Charles J. Calamari from a judgment dismissing claims resulting from a fall by Mrs. Calamari in a Winn-Dixie Supermarket.
The case was tried before Commissioner Charles L. Rivet. In accordance with the Commissioner's findings, Orleans District Court Judge Clarence Dowling rendered judgment denying the Calamari demands.
Mrs. Calamari testified that she slipped on a wet substance on the floor, but she was unable to further identify the liquid.
"Whatever it was," she said, "it was wet and it was on my pants."
Petitioners' prime factual witnesses were Raymond H. Landry, Mrs. Calamari's son by a prior marriage; and Mrs. Aleph Nerger, a neighbor of Mr. and Mrs. Calamari and who was in close proximity when Mrs. Calamari fell.
Mrs. Nerger described the liquid on the floor, but she couldn't say how it had gotten there or how long it had been in the aisle before Mrs. Calamari went down.
Raymond did not see the accident, but he testified about events subsequent to the fall.
*655 Commissioner Rivet, in his 10-page report, pointed out numerous inconsistencies in the testimony of Mrs. Calamari, Raymond and Mrs. Nerger. To say that the Commissioner was not favorably impressed with Mrs. Calamari and her witnesses is an understatement.
From the Commissioner's findings:
"The testimony of plaintiff's other witness, Mrs. Nerger, was as incredible as that of plaintiff's son ..."
There was even a conflict as to precisely where Mrs. Calamari fell. Considering this inconsistency, along with the many others, the Commissioner apparently did not believe petitioners' accident version and concluded, properly, that they did not carry the requisite burden of proof.
Where credibility is an issue, as obviously it is here, the conclusions of the trial court should be treated with considerable appellate respect, and should not be disturbed unless manifestly or grossly erroneous. See Moore v. Bannister, La.App., 269 So.2d 291.
Other basic principles involved are well established in the jurisprudence, as enumerated in Lofton v. Travelers Insurance Company, La.App., 208 So.2d 739; Jones v. W. T. Grant Company, La.App., 187 So.2d 470; Peters v. Great Atlantic and Pacific Tea Company, La.App., 72 So.2d 562, and Hay v. Sears Roebuck and Company, La.App., 224 So.2d 496.
A successful plaintiff must establish: (1) that a dangerous condition was created or maintained by the storekeeper or one of his employees; or (2) if not created by the storekeeper or one of his employees that (a) the storekeeper or one of his employees did actually have knowledge of the dangerous conditions or (b) the dangerous condition had remained long enough for the storekeeper to have had constructive knowledge that said condition existed.
Mrs. Calamari did not establish to the Commissioner's satisfaction, or to ours, that any dangerous condition was caused by any Winn-Dixie employee, or that Winn-Dixie had actual or constructive knowledge of the condition.
Further, storekeepers do not insure a customer's safety. They (store owners) have a duty of reasonable care and they must maintain floors in a reasonable safe condition. Petitioners in the instant matter were unable to show, either by the testimony of their witnesses or by the cross-examination of defense witnesses, that Winn-Dixie did not meet the legally required standard of care.
The record clearly supports the Commissioner's findings.
Affirmed.