de la HOUSSAYE, Judge.
This appeal arises out of a “slip-fall” suit to recover damages for personal injuries sustained by plaintiff, Rosalea Mancuso Kavlich, resulting from her alleged fall while shopping at a Handi-Pak food store located in Hammond, Louisiana. Defendant, Wayne Kramer, was the owner of this store and was doing business as Handi-Pak Food Store, Inc. Plaintiff filed a supplemental and amending petition substituting the defendant, Handi-Pak Food Store, Inc., in place of Wayne Kramer d/b/a Handi-Pak Food Store, Inc. Aetna Insurance Company is the liability insurer of Handi-Pak Food Stores, Inc. The trial court rejected all of the demands of plaintiff. No written reasons for judgment were filed in these proceedings by the trial court. From this adverse judgment, plaintiffs perfected this devolutive appeal seeking reversal of the trial court and an award for damages.
At the outset, it should be reiterated the well-established jurisprudence of this state that the trier of facts’ decision should not be disturbed, even though there may be other equally reasonable inferences to be drawn from the evidence, unless it is shown that manifest error has been committed. Canter v. Koehring Company, La., 283 So.2d 716 (1973); Reech v. Bodin, 286 So.2d 477 (La.App. 1st Cir., 1973). With this admonition in mind, we will discuss the liability, if any, of Handi-Pak Foods Stores, Inc. for damages sustained by appellants.
On July 8, 1972, appellant, Mrs. Kavlich, after parking her vehicle in the parking lot in front of Handi-Pak Store, traversed the parking area and entered through the front door. This store is a small, self-service neighborhood grocery store. Two employees were working at the time of this accident, Mrs. Ridgdell Kinchen and Calvin Boehm. After entering the front of the store, appellant walked across a mat located directly in front of the store’s entrance, took two or three steps past the mat, and then fell, injuring her left knee. She fell directly in front of the “check-out” area of the store. After falling, she testified that she looked down at the area where she slipped and found a small piece *876 of banana which was black at its top portion and was “squished” (T-61). She also discovered small pieces of banana on the back of her dress, on her shoe, and on her ankle once she arrived at the hospital. The size of the banana was about as large as her little finger, according to her testimony.
Following this accident, Mrs. Kavlich was taken to the Seventh Ward Hospital where she was given an injection for pain and ultimately transferred to Ochsner Foundation Hospital where she underwent surgery to her knee which resulted in a disability of twenty percent (20%) to her left extremity. After her surgery, she received physical therapy for one year from Hammond Therapy Clinic. Her total medical expenses incurred during this period of time was $2,139.86.
It is well settled that a storekeeper owes to an invitee in a grocery store the duty to use reasonable care to protect the invitee from hazardous conditions which could reasonably be foreseen to be dangerous to his safety. As we stated in Travis v. Winn-Dixie Louisiana, Inc., 269 So.2d 550 (La.App. 1st Cir., 1972):
“. . . The law requires that the defendant storeowner exercise ordinary and reasonable care in the maintenance of its premises to prevent an invitee from suffering injury due to such person making use thereof. There is a further duty to an invitee that no hazard be permitted to exist on the premises which could reasonably be foreseen as dangerous to the safety of an invitee. Any negligence or want of reasonable care on the part of the defendant or its employees would render the defendant liable for injuries received by a person, . caused by an accident, deemed to be causally connected with such negligence or want of care.
“On the other hand, the host is not the insurer of the safety and welfare of an invitee customer who is situated in the store building owned by the host.” Id., at pp. 551, 552.
It is also well settled that this duty of reasonable care required the storekeeper to maintain reasonable inspection and cleanup procedures of his premises, which duty is to be determined by the nature of his premises, his business purposes, and the particular fact situation in each case. Lang v. Winn-Dixie Louisiana, Inc., 230 So.2d 383 (La.App. 1st Cir., 1969), writs refused, 255 La. 815, 233 So.2d 252.
Appellants maintain that the trial court committed manifest error in not finding that the storekeeper had actual knowledge of this piece of banana on which appellant slipped. They also maintain that since the banana was brown in color (which would indicate that it had been exposed to air for some period of time), constructive knowledge of its presence should be imputed to appellees. We find no merit to these contentions of appellants.
The record reveals that both of the employees working in the store at the time of this accident deny ever seeing the piece of banana prior to Mrs. Kavlich’s fall. We also find no manifest error committed by the trial court’s determination that appellee’s cleanup procedures were adequate. Testimony was introduced by the owner of the store and both of his employees that it would be swept and mopped twice daily, at the end of each shift. The employees were also instructed that they were to pick up trash on the floor any time they noticed it and both of the employees testified that their duties in the store required them to continuously be walking throughout the store. As was stated in Sattler v. Great Atlantic & Pacific Tea Company, 18 F.R.D. 271 (D.C. La.1955):
*877 “It is well settled in Louisiana that in order to impose liability on a storekeeper for injuries to a business invitee, the dangerous condition must have been created by the storekeeper, or must either have been known to him or have existed for such a time that in the exercise of ordinary care he would have discovered it; or there must he a showing of careless general practices in the store constituting recurrent dangers to the safety of the customers.” Id., at p. 275.
We quoted this passage with approval in the Lang case, supra. Apparently, the trial court determined that the defendant had not had actual knowledge of the presence of the banana, and that appellees had fulfilled their duty of reasonable care in maintaining its premises by adequate cleanup procedures. Our examination of the record discloses no abuse of discretion vested in the trial court to warrant a reversal of this factual determination.
At the opening of this trial, it was discovered that the policy issued by Aetna Insurance Company, as well as providing liability insurance, also provided medical payments insurance. Plaintiff sought an instanter motion to amend his petition seeking payment of up to $1,000.00 under the provisions of this policy and the defendant objected, basically pleading surprise, which objection was sustained by the trial court. Appellants seek to have this decision by the trial court reversed, pointing out that the entire policy was placed into evidence by the parties to this litigation, and that all of its terms and provisions were automatically in evidence. Again, we find no error committed by the court in refusing to allow the instanter motion to amend his petition.
Accordingly, judgment of the trial court is affirmed and this appeal is dismissed at appellants’ cost.
Affirmed.