315 So.2d 282 (1975)
Rosalea Mancuso, wife of/and James A. KAVLICH
v.
Wayne KRAMER, d/b/a Handi-Pak and Aetna Insurance Company.
No. 55757.
Supreme Court of Louisiana.
June 23, 1975.
Rehearing Denied July 25, 1975.
*283 Charles J. Ferrara, Francipane, Regan & St. Pee, Metairie, for plaintiffs-applicants.
Edward A. Griffis, Talley, Anthony, Hughes & Knight, Bogalusa, for Handi-Pak and Aetna Ins. Co.
Leonard E. Yokum, Jr., Yokum & Yokum, Hammond, for Handi-Pak Food Store, Inc.
BARHAM, Justice.
Plaintiffs, Mr. and Mrs. James A. Kavlich, filed this personal injury lawsuit against the owner and insurer of a self-service convenience store in Hammond, Louisiana known as the Handi-Pak Food Store, Inc. Plaintiffs claim to be entitled to damages arising out of Mrs. Kavlich's fall in that store on July 8, 1972 at approximately 5:00 o'clock P.M., when upon entering the store, she slipped and fell, severely injuring her left knee.
The trial court, without assigning written reasons, rejected plaintiffs' demands. On appeal, the First Circuit Court of Appeal affirmed the trial court judgment. Kavlich v. Kramer, 303 So.2d 874 (La.App. 1st Cir. 1974).
We granted writs, 307 So.2d 366 (La. 1975), prompted chiefly by the belief that error might have occurred when on the morning of trial, the judge refused to permit plaintiffs to amend their petition to seek payment of up to $1000 under the medical payment provisions of the liability policy involved.
Since the case is now before us without limitation in the granting of writs, we are required to review the entirety of the case under the assignments of errors. Under Article 5, § 5 (C) of the Louisiana Constitution of 1974, once we have granted review of a case we review both the law and the facts for determination if error has occurred. We quickly dispose of the issue of amending the petition to seek $1000 under the medical payment provisions of the policy. The defendant, Aetna Insurance Company, forwarded a check to plaintiffs discharging its obligations under the medical payments provision eight days after the demand was made for payment at trial. That matter is therefore now moot.
*284 The main issue argued on appeal, and the one to which we now direct our attention, is whether the courts below erred in denying recovery to plaintiffs.
The Handi-Pak Store is a small self-service neighborhood grocery store, approximately 30' × 40', containing four aisles. It is generally tended by one employee during the morning shift (7:00 o'clock A.M. to 3:00 o'clock P.M.) and by two employees during the busier evening shift (3:00 o'clock to 11:00 o'clock P.M.). Clean-up procedures, which have been orally related to all employees, call for the store to be swept and, if needed, also mopped at the end of the morning shift, or around 3:00 o'clock P.M. The floor is both swept and mopped at the end of the business day, at approximately 11:00 o'clock P.M., in preparation for the next day's opening. In addition, employees have been instructed to be alert for any debris on the floor, and to immediately clean any dirty area. Though no regular inspection tours are scheduled, testimony shows that most of the store is visible from the check-out counter and, further, that the employees are frequently in the store aisles, assisting customers, stocking the shelves, or refilling the frozen goods refrigeration unit.
On July 8, 1972, at approximately 5:00 o'clock P.M., Mrs. Kavlich, after parking her automobile in the black-topped parking lot in front of the Handi-Pak Store, entered the store through the front entrance. She traversed a mat located directly in front of the double glass entrance doors, and, after taking two or three steps beyond the mat, fell, injuring her left knee.
Although the issue was apparently not presented in the trial of the case and was not discussed in the opinion of the court of appeal, in argument before this Court defendant appears to contend that the piece of banana about the size of a finger was not on the floor of the store but rather was "tracked" into the store by Mrs. Kavlich. We find no support for this contention in the record and no merit in the argument made to this Court in this regard. We conclude that there was indeed a small piece of banana about the size of a finger on the mat inside the store or on the floor immediately in the vicinity of that mat. We also conclude that the plaintiff slipped upon this piece of banana.
A storekeeper owes an affirmative duty to those who use his premises to exercise reasonable care to keep his aisles, passageways and floors in a safe condition. Calamari v. Winn Dixie of Louisiana, Inc., 300 So.2d 653 (La.App. 4th Cir. 1974); Tripkovich v. Winn-Dixie Louisiana, Inc., 284 So.2d 80 (La.App. 4th Cir. 1973); Bartell v. Serio, 180 So. 460 (La.App. Orl. Cir. 1938). This duty includes a reasonable effort to keep objects off of the floor which might give rise to a slip and fall. Through numerous cases Louisiana courts have reviewed occasions when fluids, pieces of fruit and vegetable, and other similar debris have caused a customer to slip, fall and be injured. See, e.g., McCauley v. Nicholas, 297 So.2d 914 (La.App. 1st Cir. 1974); Barker v. Great Atlantic & Pacific Tea Co., 230 So.2d 925 (La.App. 1st Cir. 1970); Frederic v. Winn-Dixie Louisiana, Inc., 227 So.2d 387 (La.App. 4th Cir. 1969).
Self-service grocery stores require customers to look for and to find the objects which they wish to purchase. These objects are placed upon shelves of various sizes and heights. Discernment of a particular object for purchase requires fairly strict surveillance of the shelving in order to discover the item desired. Numerous items displayed upon shelving along the aisles or walkways in self-service stores entice the customers to focus their eyes upon the display rather than on the surface upon which they walk. Guy v. Kroger Company, 204 So.2d 790 (La.App.2d Cir. 1967; Dever v. George Theriot's, Inc., 159 So.2d 602 (La. App. 3rd Cir. 1964). It is not uncommon *285 that owners and managers of the stores, their employees, or customers drop objects into these aisles which pose a danger to one who inadvertently steps upon the object.
As we have previously stated, there is no doubt that a piece of banana about the size of a finger was on the floor of this store a few feet from the mat inside the entrance to the store. Mrs. Kavlich was in no position to know under what circumstances the piece of banana came to rest upon the floor. She was in no position to prove that the piece of banana rested on the floor because the employees of the store were negligent. She has established clearly that the piece of banana was there when she entered the store; that she stepped upon the piece of banana; and that it caused her to slip, fall, and be injured. The burden then shifts to the defendant to go forward with the evidence to exculpate itself from the presumption that it was negligent. Lang v. Winn-Dixie Louisiana, Inc., 230 So.2d 383 (La.App. 1st Cir. 1970); McCauley v. Nicholas, supra; Broussard v. National Food Stores of Louisiana, Inc., 233 So.2d 599 (La.App. 3rd Cir. 1970) (concurring opinion of Tate, J.); Joynes v. Valloft & Dreaux, 1 So.2d 108 (La.App. Orl. Cir. 1941). We conclude that the defendant under the evidence of this case has failed to exculpate itself from negligence.
Although there is testimony as to clean-up procedures, this does not sufficiently discharge defendant's burden in the instant case. The last scheduled clean-up procedure was two hours before plaintiff's injury. We are concerned with what happened in that two-hour period and with what degree of reasonableness the employees of the store acted in that period of time. The two employees in the store at the time of the accident testified they could have seen the banana because they were in a position behind the cash registers and front counter to observe clearly the area where it was located. Obviously, the banana was observable. The employees testified that they were not extremely busy and that few customers had been in and our of the store during the two-hour period. Both employees testified they had traversed the area where the banana was located immediately before Mrs. Kavlich slipped and fell. One of them testified further that she was watching the floor that day, even at the time the plaintiff fell.
She actually saw the banana after Mrs. Kavlich fell, and there was a sufficient amount of the fruit not only to be on the sole of Mrs. Kavlich's shoe but on top of her foot and on the floor. The other employee stated that the substance on the floorthe bananawas easily seen. Although he stated that he had been in and out of the aisles he never saw what was easily seenthe piece of bananaand immediately prior to plaintiff's entry into the store, he had passed the area where she fell.
We conclude that the defendants have not borne the burden of proving that they were reasonably prudent in their exercise of duty and care owed to a customer in a self-service grocery store. They should have seen that which was obvious to a careful observer. They should have observed that which they testified they were trained to discover. The defendant's employees were negligent in failing to remove the piece of banana upon which Mrs. Kavlich fell.
For the reasons assigned, the judgments of the trial court and the court of appeal are reversed and the case is remanded to the court of appeal for the assessing of quantum. All costs are to be cast against defendants.
Reversed and remanded.