JONES, Judge.
Jeane Lauve sued Employers’ Commercial Union Insurance Company (hereafter Employers), Mary Fielder doing business as PBS Graphic Arts (hereafter PBS) and Charles Barr for injuries sustained in a fall on the steps of a building occupied by PBS and owned by Barr. Employers’ and PBS answered, pleading contributory negligence and assumption of the risk, and filed a third party claim against Barr, alleging a vice or- defect in the building for which he was responsible. Barr answered, pleading plaintiff’s contributory negligence and assumption of the risk, and filed a third party claim against Employers’ and PBS, alleging its negligence as the cause of the accident.
Judgment was rendered in favor of defendants and against plaintiff. All third party demands were rejected. Plaintiff appeals the judgment in favor of Employers’. Employers’ and Barr appealed the judgments on the third party demands to protect their rights against each other in the event of reversal on the principal demand. We affirm the judgment of the lower court.
On October 3, 1972, plaintiff went to the building occupied by PBS to pick up some printed matter prepared for her advertising agency by PBS. She entered the business by the main entrance. While in the building, she picked up a package of printed material to take to her car. As a shortcut to her vehicle, she passed through a storage area to the rear exit of the building. She was accompanied by the husband of the owner of PBS, who was carrying the package for her.
The rear door of the building opens onto a small platform approximately four feet square and about four feet from the ground. There are six steps down to ground level. At some point between the door and first step the plaintiff slipped and “bumped” down the steps, feet first, to the ground. She injured her back in the fall.
Mrs. Lauve contends that PBS was negligent in allowing debris to collect in the storage area. She alleges that as she passed through the storage area, a piece of plastic of some kind caught on her shoe and caused her to slip when she stepped through the door onto the concrete platform outside the rear exit. She also alleged in the alternative that the platform and steps were defective and that was the cause of her fall.
The trial court concluded that Mrs. Lauve failed to prove that she slipped on the plastic or other debris. In his written reasons for judgment, the trial judge pointed out inconsistencies in plaintiff’s testimony at trial and her testimony by deposition taken before trial and introduced into evidence. At trial, Mrs. Lauve vaguely recollected a small plastic strip caught on her shoe which caused her to slip. In her pre-trial deposition, when asked if she had found anything after the fall on which she might have slipped, she frankly replied that she had not looked for anything. Other witnesses who had been present on the day of the accident, and who testified at trial, stated they found no plastic or other debris on plaintiff’s shoe or on the ground after she fell, or in the area of the doorway where plaintiff testified her fall commenced. There was absolutely no evidence that the platform or the steps were defective in any way.
Plaintiff, relying on Kavlich v. Kramer, 315 So.2d 282 (La.1975), contends that the burden shifts to the defendants to excul *899 pate themselves in cases of this type. However, both Kavlich, supra, and Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976) are distinguishable from the instant case. In those cases, the plaintiffs did prove that there was foreign substances on the floors of the defendants’ stores and that their falls were caused by those substances. Mrs. Lauve has failed to prove that her fall was caused by a foreign substance on the floor of the PBS storage room.
Having concluded that the trial court was correct in its rejection of plaintiff’s demands, we, of course, conclude that his rejection of the third party demands was likewise proper.
For the foregoing reasons the judgment of the trial court is affirmed at appellant Jeane Lauve’s cost.
Affirmed.