GULOTTA, Judge.
Defendant appeals from a judgment in favor of Mrs. Gloria Gourges for injuries she sustained in a fall while shopping in defendant’s supermarket. We affirm.
Schwegmann contends that permitting an empty (except for two small packages), flat stock cart, 6 feet long, 2V2 feet to 3 feet wide and 18 inches off the floor, with a metal handle rising 4 feet at one end, to be left unattended for approximately 10 minutes and parked against a display shelf is not negligence. Also, according to defendants, inattention of plaintiff resulting in her failure to see the cart located within a step of a place on the shelf where the item was selected, and where in one movement plaintiff selects item, turns and falls over flat cart, constitutes contributory negligence. We do not agree.
We recognize that a storekeeper is not the insurer of the safety of its customers. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486, 489 (La.1976); Calamari and Manale v. Winn Dixie of Louisiana, Inc., 300 So.2d 653, 655 (La.App. 4th Cir. 1974); Vosbein v. National Food Stores of Louisiana, Inc., 286 So.2d 715 (La.App. 4th Cir. 1973). However, we also recognize that our jurisprudence, cognizant that a customer’s attention is drawn toward the inspection, location and selection of merchandise displayed on shelves and counters, places upon a storekeeper the duty of maintaining a safe passageway for its patrons. Gonzales, supra; Kavlich v. Kramer, 315 So.2d 282, 284 (La.1975); Whittaker v. Schwegmann Brothers Giant Supermarkets, 334 So.2d 756, 757 (La.App. 4th Cir. 1976). As we stated in Whittaker:
“While a storekeeper is under a duty to keep the passageway free from obstructions, a grocery store patron is under no obligation to make specific observation of the floor before taking each step. He has the right to presume that the aisles and passageways where it is intended for him to walk will be free from obstructions, especially in view of the storekeeper’s presumed intention and knowledge that the customer will devote the major portion of his or her attention to inspecting the merchandise deliberately displayed to attract the customer. * * * ”
See also the recent Louisiana Supreme Court case, Ferrington v. McDaniel, 336 So.2d 796 (La.1976).
Accordingly, we conclude that a judgment finding a storekeeper negligent and exonerating plaintiff from contributory negligence, under the circumstances recited above, is proper. Quantum is not at issue. The judgment is affirmed.
AFFIRMED.
REDMANN, J., dissents.