SAMUEL, Judge.
Plaintiffs, Myrtle Baptiste Darensbourg and her husband, William Darensbourg, filed suit against defendants, Michael Ter-ranova and Joseph Terranova, d/b/a Terra-nova Food Store, and Commercial Union Assurance Company, their liability insurer, to recover damages for a contusion in the lumbo sacral area together with a possible chip fracture of the sacral sustained by Mrs. Darensbourg when she slipped and fell on a foreign substance while shopping at defendants’ food store. Her claim is for general damages resulting from her injuries. Mr. Darensbourg claims the medical expenses in the amount of $237.
Defendants answered, denied any fault or negligence on their part, and affirmatively alleged plaintiff’s injuries were caused solely by her own negligence.
After a trial on the merits, the trial court rendered judgment in favor of plaintiffs for $4,237 ($4,000 to Mrs. Darensbourg and $237 to her husband). Defendants have appealed from this judgment.
In slip and fall cases Louisiana law is clear that once a plaintiff establishes he slipped and fell on a foreign substance in defendants’ retail store, the burden shifts to the owners of the store to exculpate themselves from the presumption that they were negligent.[1] The record leaves little doubt plaintiff fell on a foreign substance in defendants’ store, and the only issue presented in this appeal is whether the defendants met the burden imposed upon them by law to exculpate themselves from the presumption of negligence. A determination of this issue involves only questions of fact.
Mrs. Darensbourg testified she entered the store on September 9, 1975 to purchase tomatoes. She stated she was proceeding up the produce aisle when she slipped and fell on a green substance, which she could not positively identify. She indicated it could have been a green slimy substance or some mustard greens. However, she stated unequivocally she did not go to the store to buy mustard greens, she *1334 had not yet reached the tomatoes in the produce counter when she fell, and she had not picked up anything on the produce counter before her fall.
One of defendants’ witnesses stated plaintiff picked up mustard greens before she fell, shook them, and implied strongly she fell on the leaves which she shook from the mustard greens. There is some conflict internally between the witnesses offered by the defendants regarding the presence of one of the owners and regarding the direction taken by plaintiff as she entered the store. The trial judge referred to this conflict specifically as part of his reason for finding in favor of plaintiff.
In addition, a stock boy who supposedly witnessed the fall was not produced at the trial, nor was his absence satisfactorily explained.
Finally, the testimony of the witnesses for the defendants is lacking with regard to establishing proof of proper maintenance procedures to exculpate defendants from the presumption of negligence. Defendants’ evidence was that the store was swept three or four times a day, but there was no established schedule for sweeping or cleaning, no one was assigned to supervise the cleaning or inspect the aisles, and no regular employees were on hand to perform the cleaning procedures on the day plaintiff fell.
The butcher employed by defendant testified that on the day in question the floor had been swept twenty minutes prior to the fall. One of the defendant owners testified the floor probably had been swept twice prior to plaintiff’s fall, and that she fell at a time just prior to the last daily sweeping, which was conducted “maybe anywhere from a half hour before closing time.” In addition, the defendant owner testified that on the day of plaintiff’s accident his regular “boys” were not there and that only one employee was present at the time. Since there was only one employee present in charge of sweeping the floors, and since that employee was not produced at the trial, there is virtually no direct, positive evidence regarding the number of times the floor was swept during the day, or the time of the last sweeping immediately prior to plaintiff’s fall.
Under all the circumstances, the evidence as a whole indicates the defendants did not exculpate themselves from the presumption of negligence and the conclusion of the trial judge was correct. Defendants strongly argue that there was really no conflict between defendants’ witnesses as stated by the trial judge in his written reasons. At best, the testimony is somewhat ambiguous, but even if the ambiguous testimony is not in fact conflicting, the evidence produced by defendants is not sufficient to exculpate them from negligence by establishing regular procedures for cleaning and the faithful adherence to these procedures on the day in question.
The testimony of plaintiff and defendants’ witness regarding plaintiff’s actions in shaking a bundle of mustard greens and placing the foreign substance on the floor herself is conflicting, and the trial judge obviously accepted the version of the plaintiff as true. There is insufficient evidence to conclude the trial court committed manifest error in making this finding.
The law is well settled that the findings of fact by the trial court should not be disturbed on appeal in the absence of manifest error. This is especially true where there is conflicting testimony involving the credibility of witnesses and the weight to be afforded their testimony. The trial judge, having had the opportunity to see and hear the witnesses, is the better judge of their credibility.[2]
The reasons given by the trial judge make it abundantly clear he based his decision on the credibility of the witnesses regarding the different versions set forth by the various witnesses relative to the man *1335 ner in which the accident occurred. There is nothing in the record indicating abuse of the wide discretion afforded him in making such a determination.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. Kavlich v. Kramer, La., 315 So.2d 282.

. Canter v. Koehring Company, La., 283 So.2d 716, 724.