JULIAN E. BAILES, Judge, Pro Tern.,
dissenting.
The defendant, F.W. Wool worth Co., Inc., and its insurer, Travelers Insurance Company, appealed the trial court judgment awarding the plaintiff a total of $12,701.00 in damages for an injury of the minor child, Darrel Alongi, sustained when he fell from a cart in which he was standing while his mother was shopping in defendant Woolworth store.
There were third party pleadings and an array of third party plaintiffs and defendants not necessary to name at this time.
In written reasons for judgment the trial court, inter alia, stated:
“The only eyewitness to the accident, Mr. Louis Crovetto, confirms the mother’s testimony, and added that none of the three adults standing next to the shopping cart saw it tip over. Mr. Crovetto saw the entire accident as he was running toward a large window of the store and was unable to reach the window and knock on it until after the child fell. “The Court was impressed with the testimony of Mr. Crovetto who retold that the accident occurred in about 5 seconds, when the small child stepped toward the side of the basket, the basket then tipped over without the child touching the side of the basket or leaning out of the cart. There is no testimony as to how the child moved from the seat in the rear of the cart to the large portion of the basket.”
The trial court, by applying the rationale of Kavlich v. Kramer, 315 So.2d 282 (La.) and Gonzales v. Winn-Dixie, La., Inc., 326 So.2d 486, said:
“* * * it is the opinion of the court that a store keeper owes an affirmative duty to those who use his premises, as well as products such as shopping carts made available for the use of his customers, to exercise reasonable care to keep the premises, as well as the products, in a safe condition.”
The mother of the injured child testified that she placed him in the seat at the rear of the basket and that he was in that seat when last observed by her prior to his fall from the upset shopping cart.
Also, it was shown that Mrs. Alongi selected the cart upon entering the store and she testified:
“Q. Alright. At this time you were in the store prior to the accident happening I assume you rolled the basket around during that time, at least somewhat?
“A. Yes.
“Q. Did you notice any problems with the shopping cart?
“A. No, it was rolling fine.
“Q. You didn’t notice any problem with the wheels?
“A. No.
“Q. Did it seem to you as if it wobbled or wiggled?
“A. It seemed to be safe.”
The trial court, under Morais v. Schwegmann, 290 So.2d 357 (La.App. 4th Cir., 1974) [of which, incidentally, this dissenter was author and which case was repudiated by a divided (5 to 4) court in Gonzales v. Winn-Dixie Louisiana, Inc., 309 So.2d 697 (La. App. 4th Cir., 1975); writ granted, 1975, whose author was Judge Schott, although the Supreme Court reversed this court’s ruling in Gonzales v. Winn-Dixie, Louisiana, Inc., 326 So.2d 486)] found that this court “* * * held that when the customer could establish her freedom from causation, the burden would shift to the store keeper to rebut the presumption of fault for the reason that the store keeper is most cognizant of facts necessary to decide the issue.
“The court believes that the plaintiffs have met this burden. The evidence established that the injury occurred in the defendant’s store in St. Bernard, while using a shopping cart provided by the defendant, *1123 and which remained in control of the defendant following the accident.

“Defendant contends that Mrs. Alongi was responsible for the accident as she had left her child unattended. The court was not impressed by those witnesses provided by defendant, as the only eyewitness to the incident, Mr. Crovetto, supported the mother’s testimony. The court therefore concluded that the plaintiffs established their freedom from causation and shifted the burden of proof to the defendant.”
(The trial court did not discuss the defendant’s witnesses’ testimony contending that witness Crovetto was the only eyewitness.)
“* * * It was therefore the conclusion of the court that the defendant failed to exculpate himself from the presumption of fault and to establish freedom from fault, and determined to award judgment to the plaintiffs. * * *”
The majority holds:
“The legal basis supporting the trial judge’s conclusion of liability is the duty on the part of any self-service store that elects to supply carts with seats for small children to supply carts that are reasonably safe for the children in the expected use of the carts. * * *”
I find nothing untoward in the above statement but I cannot agree with the following assessment of witness Crovetto’s testimony:
“Our conclusion from Crovetto’s testimony is that the cart in question was not reasonably safe, because it did turn over without the child’s moving violently or even leaning over the side (sic).”
I find manifest error on the part of the trial judge. The judgment of the trial judge is manifestly erroneous because it is clearly wrong. The assignment of facts is erroneous as well as the conclusions of law.
The trial judge states he is not impressed by the defendant’s defense or its witnesses that the mother had left her child unattended.
The testimony of Mrs. Anna Diaz, a Woolworth clerk who had been so employed for over two years, was either overlooked or ignored by the trial judge.
Mrs. Diaz testified that she had a customer who wanted to purchase a clock that was hanging on a wall. In order to reach the clock she obtained a stepladder and was at the time about four feet off the floor when her attention was attracted to a man outside the store knocking on the door. When she looked toward the man and the door she saw the subject child standing in the buggy trying to reach some merchandise on the shelf.
Her eyewitness testimony is the following:
“Q. Did you witness an accident while you were on duty on March 11, 1975? “A. Yes.
“Q. Gould you tell us, please, what happened?
“A. Well, that night I was working in the area of hardware and I got a customer and she wanted a clock that was in the wall and I had to get a ladder and went to reach the clock and when I tried to I hear the knock outside the door of the garden center fifty or sixty foot away. When I hear the knock I look and I see a man knock on the door. When I see him knock I look and see a child in a buggy, one of the buggies of Woolco.
“Q. Like this (indicating)?
“A. Yes. But, they had — I couldn’t see the boy, just the head. The boy was by himself and nobody around and he was trying to get some merchandise on the shelf. When I went down to try to go there — I gave the clock to the lady and— when I got there the only thing I see was the child on the floor and one lady with, I imagine, the mother screaming. And, the child had a sweater and I took the sweater and just grabbed the child and rushed to the front.”
Specific reference is also made to pages 83, 84, 86, 96, 97 and 98 for additional testimony of this witness.
Re-cross examination by Mr. McDougall, page 98:
*1124 “Q. I am a little confused. You said before that you could not see the basket and then you just testified the child was leaning out over the side. If you couldn’t see the basket then how do you know?
“A. He was leaning because he was trying to reach merchandise on the wall. I see the child waist up and then leaning, trying to reach.
“Q. There was merchandise in front of the child?
“A. Yes, merchandise in there.”
I find the testimony of witness Crovetto and Mrs. Diaz completely reconcilable. It appears to me likely that Mr. Crovetto is confused as to where he was when the child fell. He testified that the child fell before he got to the window whereas Mrs. Diaz states there was a man knocking at the door; that is when she was attracted to look in the direction of the child, saw him reaching for some merchandise, she handed the clock to her customer and before she could get to the child, he had fallen.
I find the case should be reversed for the reason that the presumption of fault applied by the trial judge is taken out of context of the case of Morais v. Schwegmann, supra (even if Morais v. Schwegmann had not been repudiated heretofore in Gonzales v. Winn-Dixie Louisiana, Inc., supra.)
In the instant case the plaintiffs have not satisfied the burden of proof. There is no evidence that the cart was damaged, bent or deformed. There is positive proof that the child was leaning out of the basket (lack of proper supervision by his mother) trying to reach merchandise on the wall.
I respectfully dissent.