CHIASSON, Judge.
Plaintiffs-appellees, George and Geneva Stewart, husband and wife, brought this suit against National Food Stores of Louisiana, Inc., National Super Markets, Inc. and National Tea Company, defendants-appellants, to recover damages for injuries, lost wages and medical expenses incurred by the appellees as the result of a slip and fall by Mrs. Stewart on April 9, 1975, while she was a customer in appellants’ store. After a trial on the merits, the District Court rendered judgment in favor of the appellees and against the appellants in the amounts of $330.00 for lost wages, $424.00 for medical expenses and $10,000.00 for injuries and disability.
The appellants in this appeal contend that:
“1. The Trial Court committed manifest error in holding that appellant did not exculpate itself from an assumption of negligence and that its alleged negligence was the sole and proximate cause of the accident sued on.
“2. The Trial Court committed manifest error in holding that warning signs had not been placed in the aisle in which the accident sued on occurred and in holding that appellant’s vigilence was not commensurate with any risk involved in the use of its premises by invitees on the day of the accident sued on.
“3. The Trial Court committed manifest error in rendering an award of $10,000.00 to Mrs. Stewart for injuries consisting of lumbo-sacral and cervical strains from which she recovered within ninety days without residual disability and was discharged by her treating orthopedist.
“4. The Trial Court committed manifest error in rendering an award to Mr. Stewart for alleged lost wages of his wife, the amount of which award was unsupported by any probative evidence adduced at the trial.”
The facts as found by the District Court are:
“Mrs. Stewart was a regular patron and customer of the store involved in this lawsuit. On the day of the accident, she was taken to said store by her employer, Mrs. Dorothy Smith, to pick up a few items which she needed for her personal use. They arrived at the store in Mrs. Smith’s automobile, and after parking said automobile on the customer parking lot at the store, Mrs. Stewart left the automobile and entered the store. She intended purchasing only one or two items and apparently intended only a short, quick visit to the store. After entering the store, she proceeded down the aisle to the meat counter where she selected a package and then returned to the aisle where the slip and fall occurred. (The court need not describe the store in any detail other than to say it is the usual common type of super market owned and operated by the defendants throughout this general area. It is a self-service store where the customer may circulate through rows of merchandise using aisles *1179 between the rows of merchandise about six to eight feet in width.) When Mrs. Stewart left the meat counter, she proceeded up Aisle 8 looking for bug killer displayed on the shelves of said aisle. Upon reaching a point about midway of the length of the aisle, her feet slipped out from under her and Mrs. Stewart fell to the floor. An attendant employee standing nearby came to Mrs. Stewart’s assistance, and was joined there by the manager who happened to be on the floor of the store in the vicinity. Mrs. Stewart was assisted to her feet and remained in the store long enough to give a report of the incident to the manager.
“It is clear and undisputed that just prior to Mrs. Stewart entering the store, an attendant employee on duty at the time, Herbert Castle, had mopped the floor area known as Aisle 8. He had been instructed to mop this area by the manager because the floor was marked and did not satisfy said manager because of its condition. The porter, Mr. Castle, testified that he first got signs and put them at each end of the aisle. These signs were used, when a dangerous and hazardous condition existed, to warn patrons to watch their step when walking through the aisles while shopping. Mr. Castle testified that after placing these caution signs, he then prepared a bucket of water and came back and began mopping the aisles. At the time of the accident, he was not on the aisle, but was very close by, and he further testified that he was not completely through mopping when the accident happened.
“The floor apparently was still damp, or wet, at the time Mrs. Stewart entered the store and used said aisle to look for bug killer on the shelf. The evidence is clear that Mrs. Stewart slipped on a floor which had just been wet mopped by an employee of the defendants, he having done so after being instructed and ordered by the manager of said store. “The court, after considering and reviewing the testimony and evidence in this case, is completely satisfied that the slip and fall by Mrs. Stewart was not due to her fault. The court is further satisfied and so finds that the floor was still wet and hazardous when walked upon by unwary and unsuspecting persons shopping in the store. Under those circumstances the defendants must assume the burden of exculpating themselves from negligence.
“It seems to the court that the most important defense made by defendants is the claim that the employees of the defendants posted caution signs to warn customers using the store of the potentially hazardous condition of the wet floor. The court is satisfied, and so finds, that the employees failed to post any caution signs or to take any other action to adequately warn customers of this hazardous condition.”
An examination of the errors specified by the appellants indicates that the only questions before this Court are whether the District Court’s findings of facts and determination of quantum can be supported by the evidence adduced. The standards of appellate review of facts in civil cases were set forth by the Louisiana Supreme Court in Canter v. Koehring Company, La., 283 So.2d 716 (1973) and reiterated in Dyson v. Gulf Modular Corporation, La., 338 So.2d 1385 (1976).
In these cases the Supreme Court said:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as com *1180 pared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.”
There is testimony in the record which supports the Trial Judge’s conclusions that Mrs. Stewart slipped on a damp section of the floor, a hazard created by the appellants; that Mrs. Stewart was using reasonable care and was not contributorily negligent; and that the signs which would have warned of the dangerous condition were not in place. The District Court based its determination that the warning signs were not in place on the testimony of Mrs. Rosalie Trahan. While this Court might have reached a different conclusion as to the condition of the floor and as to whether or not the signs were in place, we cannot say that the findings of the District Court were manifestly erroneous.
From the Written Reasons for Judgment provided by the District Court, it appears that the District Judge concluded, based on the testimony of Mrs. Stewart, that Mrs. Stewart was still suffering from the effects of the accident at the time of the trial on the merits. Dr. Peter H. Rhymes, an expert witness for the appel-lees, testified that when he examined Mrs. Stewart on January 1, 1976, she did have a minimal amount of muscle spasms and tenderness in the neck. Mrs. Stewart had been dismissed as cured with no residual disability by Dr. Rhymes on July 1, 1975. Dr. Rhymes further testified that although Mrs. Stewart should not have had any additional problems after her release in July, the muscle spasms and tenderness in the neck could have resulted from her fall in the National Food Store. The District Court, based on its determination of the extent of Mrs. Stewart’s injuries and its conclusion as to the continuing nature of these injuries, awarded $10,000.00 as compensation.
Mrs. Stewart testified that because of her injury she was unable to work from the time of the accident until Christmas time. This testimony was supported by that of her employer, Mrs. Smith. The record also contains evidence that Mrs. Stewart earned $10.00 per week when she was able to work. Based on this evidence the District Court concluded that Mrs. Stewart was unable to work for 33 weeks as a result of the accident and that an award of $330.00 should be made for lost wages.
Civil Code Article 1934(3) provides in part:
“In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury, while in other cases they have none, but are bound to give such damages under the above rules as will fully indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud or bad faith of the debtor.”
“Appellate review of awards for damages in the trial court is limited to determining whether the trial court abused its discretion.” Revon v. American Guarantee & Liability Ins. Co., La., 296 So.2d 257 (1974); Spillers v. Montgomery Ward & Company, Inc., La., 294 So.2d 803 (1974). While this Court is of the opinion that the amount of the award to appellee is somewhat high, we cannot say that the award is unsupported by evidence or that the District Court abused its “much discretion.” [1]
For the above reasons, the judgment of the District Court is affirmed at appellants’ cost.
AFFIRMED.

. It would appear that essentially similar injuries were sustained by the plaintiff in Boatner v. McCrory Corporation, La.App., 341 So.2d 1174 (1st Cir., 1976). In that case an award by a different District Court of $5,000.00 for injuries was affirmed by this Court.