LANDRY, Judge.
Plaintiff (Appellant) appeals from judgment rejecting her demands for damages for personal injuries allegedly sustained when she slipped and fell while shopping for groceries in a supermarket owned and operated by defendant National Tea Company (National). We affirm.
The reputed accident occurred at about 3:30 P.M., on a Sunday afternoon after Appellant and her common-law husband, Johnnie George, had been shopping for approximately one and one-half hours. Appellant and George contend that Appellant slipped on one or more grapes which were *1195 on the floor. At the time of the fall Appellant was selecting a can of peas from a shelf.
Appellant maintains she was walking about 10 feet behind George who was proceeding ahead pushing a shopping cart. The couple had just about finished their shopping and were preparing to leave the store shortly. Appellant stated she was selecting a can of peas when she slipped and fell to the floor. She landed on her back with her right leg beneath her body and her left leg extended forward. She was assisted to her feet by her consort who then brought her to the Manager’s office at the front of the store. George then brought her to the scene of the fall and showed her one or two grapes on the floor. The grapes appeared to have been stepped on. At trial, Appellant testified she fell in the aisle where canned goods (peas) were shelved. In a statement given at the time of the accident, she stated she fell in the produce aisle, which is two aisles removed from the aisle mentioned by Appellant, and which is also where grapes are displayed for sale. She maintained she frequently shopped in this particular store because, among other reasons, she always found it neat and clean. After being shown the grapes on the floor, she and George paid for their groceries and left the store.
In substance, George’s testimony corroborates that of Appellant. He stated, however, that Appellant fell in the produce aisle, not the canned goods aisle. He also stated he was walking ahead and upon looking back, he saw Appellant falling to the floor. He assisted Appellant to her feet, brought her to the manager’s office and then escorted a store employee to the scene of the fall and showed him some grape's on the floor. He returned to, the front of the store, paid for the groceries he and Appellant had selected, and he and Appellant left the store. He stated the grapes he observed on the floor appeared to have been stepped on.
John Blank, National’s Manager, and Lonnie Breaux, former Assistant Manager not in National’s employ at the time of trial, testified in detail as to the store’s policy concerning floor inspection and cleaning. They attested to inspection by person in charge of the store, every two hours during the entire 24 hours the store is open daily. They also noted that any condition of the floor or aisles brought to the attention of the Manager or Assistant Manager is corrected immediately. They also noted it is the duty of the person in charge to make the inspection every two hours and see that the floor and aisles are swept and cleaned even if the person in charge has to do it himself. Breaux added that he personally swept the store at 4:00 P.M., at which time no accident had been reported. He recalled the accident was reported shortly after 5:00 P.M., at which time he was in charge, because Blank left after Breaux completed sweeping the floor around 4:00 P.M. Blank also noted that the accident had not been reported when he left around 4:00 P.M., and was relieved by Breaux. Blank returned about 6:00 P.M., and was informed of the accident report. Breaux added he was taken to the scene by George and found nothing on the floor of the produce aisle. He then went to the canned goods aisle where he found one or two grapes on the floor. He saw no evidence that the grapes had been stepped on. He found no skid marks or foot prints on the floor where he found the grape skins. He examined the sole of Appellant’s shoe and found nothing.
Eugene McKee, Manager of National’s meat department, was in the office at about 5:15 making a telephone call preparatory to his leaving shortly thereafter. He stated that George came to the office and reported the accident. McKee referred George to Breaux. George escorted McKee to the canned goods aisle and showed McKee a piece of grape, about the size of McKee’s thumb, on the floor. McKee saw only the peeling of a grape which appeared to have been eaten. The peeling did not appear to have been stepped on. McKee did not observe any scuff mark or footprint on the floor where he saw the grape skin. He attested to Breaux’s sweeping the floor about 4:00 P.M. He also stated he had *1196 never before seen Appellant or George in the store, and that the couple had no groceries with them when they left the establishment.
An owner of a store is not the insurer of the safety of his customers. Nevertheless, a store owner owes his customers the duty of protecting them from dangerous substances on his floors and in his aisles. This obligation includes the duty to take reasonable precautions, by way of periodic inspection and cleanup procedures, to keep the floors and aisles free from substances and objects which may cause customers to fall. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976).
The reasonableness of inspection and other safety and protective measures taken by a storekeeper depend upon the circumstances of each case. In determining this issue, the courts will consider the volume of merchandise, type of floor, the nature of customer service and the area of floor space utilized for customer convenience and service. Gonzales v. Winn-Dixie, above.
Where the customer establishes an accident resulting from an unsafe condition of the storekeeper’s floor or aisles, the burden shifts to the storekeeper to exculpate himself from the presumption of negligence resulting from such condition. Kavlich v. Kramer, 315 So.2d 282 (La.1975); Gonzales v. Winn-Dixie, above.
Appellant maintains the doctrine of Res ipsa loquitur should have been applied in this instance because the trial court found the accident occurred. Gonzales v. Winn-Dixie, above, expressly held that Res ipsa loquitur does not necessarily apply in slip and fall cases. The cited authority reiterated the rule that Res ipsa loquitur is a rule of evidence which normally comes into play, if at all, at the conclusion of the trial, and is applicable in any negligence action when the circumstances suggest defendant’s negligence as the most plausible cause of the accident.
The trial court held that while it felt Appellant had probably established the occurrence of an accident, it also found National’s inspection and cleanup policy and practices were reasonable and that it had borne the burden of exculpating itself from any inference of negligence which may have arisen in this instance. We find the trial court’s determination eminently proper under the circumstances.
The judgment is affirmed at Appellant’s cost.
AFFIRMED.