SWIFT, Judge.
Plaintiff, Clarence H. Cline, seventy-two years of age, brought suit for damages allegedly sustained as a result of a slip and fall accident in defendant Kroger’s supermarket in Alexandria, Louisiana, on July 15, 1976. The trial court found Kroger negligent and Mr. Cline free of contributory negligence. Plaintiff has appealed as to the issue of quantum only. Defendant has answered the appeal, asking that the judgment be reversed. We affirm.
The testimony reveals that on the morning of the accident, shortly before plaintiff entered the Kroger Store, a bottle of pine oil (a liquid cleaner) fell off one of the check-out counters, breaking and spilling on the floor in that check-out aisle. Mrs. Loretta Brown, the checker at this counter, saw the spill and asked a bag boy to clean it up.
Plaintiff entered the store, walked over to the check-out aisle and greeted Mrs. Brown. Although there is some discrepancy in their testimony as to exactly what was said and the length of time they talked, it is evident the plaintiff then proceeded to walk through the aisle from its exit toward the entrance without looking at the floor, stepped into the spill, slipped and fell and injured himself.
Unquestionably, plaintiff proved that: there was a spill of pine oil in the check-out aisle; he did not see the spill; he stepped into it; and was injured as a result. The law of this state is settled that under such circumstances the burden of proof shifts to the store owner to go forward with the evidence and rebut the inference of negligence on its part. Gonzales v. Winn Dixie, 326 So.2d 486 (La.1976), Kavlich v. Kramer, 315 So.2d 282 (La.1975).
*1186 Mr. Vernon Stockton, the store manager, testified that Kroger’s policy (set forth in the employees’ training manual) required its employees, upon discovering a spill, to call for someone to clean it up and for the discoverer to stand by the spill to warn approaching customers of the hazard. Although Mrs. Brown stated she was familiar with it, she did not follow through with the policy. After calling for a cleanup, she said she remained behind the register to prevent more items from falling off the conveyor belt. And in doing so she did not see plaintiff approaching the spill in time to warn him of the hazard.
It was not uncommon for customers to enter the merchandise area of the store through the check-out aisles. We agree with the trial judge that Mrs. Brown had a duty at the time to remain watchful for any approach to her aisle and prevent persons from entering it. This she did not do. Consequently, the defendant has not borne its required burden of proof to exculpate its employees from negligence.
We are also in accord with the judge’s conclusion that the defendant has failed to establish by a preponderance of the evidence that the plaintiff was contrib-utorily negligent in failing to see the spill.
Normally, a plaintiff will not be allowed to recover where his injuries result from his failure to avoid obvious hazards. However, in this case no evidence has been introduced which indicates that the spill was an obvious or noticeable hazard. There was no testimony as to the color of the pine oil, the color of the floor, the size of the spill or its exact location. The plaintiff testified that he did not see the glass even after he had fallen and was sitting on it.
Although Mr. Cline did not say that he was distracted by any display of merchandise, gum, candy, razors and various other items were on display in each check-out aisle of the store. And, of course, our courts also have allowed damages in slip and fall cases where the accidents occurred in other than display areas of business establishments, but the hazard was not readily observable. Bolin v. National Tea Co., 359 So.2d 690 (La.App. 1 Cir. 1978); Hanzo v. Travelers Ins. Co., 357 So.2d 1346 (La. App. 4 Cir. 1978); Kavlich v. Kramer, supra.
We are not convinced from our review of the record that a reasonable man under similar circumstances would have observed the spill in this case.
Finally, the plaintiff contends he suffered a severe back injury, a loss of hearing and vertigo as a result of the accident. The trial court allowed him $1,633.00 in damages for the injury to his back which was symtomatic for three or four months before returning to its pre-accident condition. However, no damages were awarded for loss of hearing and vertigo, because it was not established that these conditions were related to the accident. The resolution of such issue was based not only on the physician who testified, but to a large extent on the credibility of the medical history related by the plaintiff which the trial judge questioned. Our review of the record reveals there is a reasonable factual basis for the finding of the trial judge on this issue and that his conclusion is not clearly wrong. Canter v. Koehring, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
For the reasons assigned, the judgment of the trial court is affirmed. All costs of the appeal are assessed against plaintiff-appellant.
AFFIRMED.