DOMENGEAUX, Judge.
Loiva Rigney slipped and fell on an “Icee” in a Howard Brothers Discount Store in Pineville, Louisiana, on Saturday, September 16, 1978. She later sued Howard Brothers and its insurer, North-West Insurance Company, for damages, and a jury trial was held. On October 23, 1979, the twelve member jury made certain findings of fact by responding only to the first two of the six following interrogatories submitted to it, as follows:

INTERROGATORIES
1.Do you find that the plaintiff, Loiva Rigney slipped on a foreign object?
YES X NO _
If your answer is NO, then fill out the verdict sheets for both defendants. If your answer is YES, proceed to the next question.
2. Do you find that the plaintiff, Loiva Rigney received injuries as a result of this accident?
YES_ NO X
If your answer is NO, then fill out the verdict sheets for both defendants. If your answer is YES, proceed to the next question.
3. Do you find the defendant, Howard Bros. Discount Store, Inc. negligent?
YES_ NO _
If your answer is NO then fill out the verdict sheet for Howard Bros. Discount Store, Inc. If your answer is YES, proceed to the next question.
4. Do you find that the negligence of defendant, Howard Bros. Discount Store was the cause of plaintiff’s injuries?
YES_ NO _
If your answer is NO, then fill out the verdict sheet for Howard Bros. Discount Store, Inc. If your answer is YES, proceed to the next question.
5. Do you find the Plaintiff, Loiva Rigney, Contribu-torily negligent and that her negligence was the cause of her accident?
YES _ NO_
If your answer is NO, then fill out the verdict sheet for plaintiff, Loiva Rigney. If your answer is YES, then fill out verdict sheets for both defendants.
6. In terms of money, what is the amount of damages do you fix that the plaintiff, Miss Rigney, sustained as a result of her injuries?
A. Special Damages
(1) Past Medical _
(2) Future Medical and hospital expenses _
B. General Damages
(1) Physical pain, Suffering and discomfort, past and future _
(2) Mental anguish, pain and suffering, both past and future _
TOTAL _
DATED: 10-23-79 s/ Robert P. Smith
[Jury Foreman]
The judgment was signed in Howard Brothers’ favor in accordance with the jury’s findings. From this judgment plaintiff appeals arguing that while other issues, such as negligence, could have been decided either way, the jury was clearly wrong in finding that plaintiff sustained no injuries as a result of her fall. We affirm the judgment because we find that Howard Brothers was not negligent. This was an *40 issue not considered by the jury because of its finding that plaintiff received no injuries as a result of the fall. Since we find that the defendant was not negligent, Miss Rigney could not recover from the defendant even if she did suffer the injuries of which she complained.
Without dispute, the following facts were established by the evidence: Loiva Rigney had just purchased several small items at checkout register # 2 or #3 from cashier Trudy Broussard; as she walked through the checkout aisle toward the exit with her purchases she looked back to ascertain whether her 3-year old daughter was following her; at this point she slipped on a partially melted strawberry Icee; she did not spill the Icee nor did she see the spill before the mishap. With these facts proven, the burden of proof shifted to the defendant to go forward with the evidence and rebut the inference of negligence on its part. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Kavlich v. Kramer, 315 So.2d 282 (La.1975); Cline v. Kroger Company, Inc., 379 So.2d 1184 (La.App. 3rd Cir. 1980).
A store is not the insurer of its patrons’ safety, but it does owe a duty of reasonable care under the circumstances to protect its customers from substances on its floors. “Reasonable protective measures, including periodic inspection, must be taken to keep the aisles and floors free of substances or objects that may cause customers to fall. [Emphasis added and citations omitted.]” Gonzales v. Winn-Dixie, La., 326 So.2d at 488. Determination of whether a store’s protective measures have been reasonable is largely dependent on each case’s circumstances. Gonzales v. Winn-Dixie, supra; Givens v. National Tea Company, 347 So.2d 1194 (La.App. 1st Cir. 1977). Under the facts and evidence here, we conclude that Howard Brothers has successfully rebutted the inference of negligence on its part.
According to the testimony of O. D. Gray, who was the General Manager of this Howard Brothers store when the incident occurred, every Howard employee is trained to observe the “Golden Rule”. This rule requires that whenever an employee observes a spill or overturned carton or other aisle obstruction, he cannot leave; he must call for assistance from another employee who brings equipment necessary to clean up the hazardous area. In observance of this rule, every employee was expected to be constantly on the lookout for spills.
In addition to the on-going inspections necessitated by the Golden Rule Mr. Gray testified that he conducted a thorough store-wide inspection every morning and that the entire store was routinely cleaned every evening between 4 P. M. and 9 P. M. by an employee hired for that purpose only. Also, Mr. Gray testified that he had fallen into the habit of reinspecting the entire store every Saturday afternoon between 1 P. M. and 2 P. M.[1] As part of this Saturday afternoon routine, Mr. Gray stated that he walked through every checkout aisle in search of spills or other hazards. This testimony is important because it shows that on a Saturday, a day on which the plaintiff slipped, the floor in the checkout area had been inspected by the manager of the store twice — in the early morning and again at about 2 P. M.
More crucial to our decision is the testimony of Ralph Stutson, who was the supervisor of the checkout area at the time of the fall. He emphatically testified that he passed by Trudy Broussard’s counter no more than two minutes before the accident occurred. He inspected the floor area as he passed and did not see anything on the floor. If anything, such as an Icee, had been on the floor, he would have seen it. Instead, he saw nothing.
Mr. Stutson’s testimony is partly corroborated by a fact established by the testimony of the plaintiff. Miss Rigney testified that *41 she slipped on a partially frozen Icee. Mr. Gray testified that an Icee is a liquid refreshment sold in a partially frozen state. Therefore, whoever spilled the Icee must have done so very shortly before Miss Rig-ney passed through the aisle since its state on the floor closely approximated the state in which it was sold.
Miss Rigney further testified that the area was well lighted. Had she not been looking backwards at the time of her slip, she conceivably would have seen the Icee on the floor. Additionally, the floor was light colored whereas the Icee on the floor was red, so the Icee could easily have been seen because of the contrast in the colors. This does not necessarily suggest that Miss Rig-ney was contributorily negligent in failing to see the Icee on the floor, but these facts do further corroborate the testimony of Ralph Stutson that if anything had been on the floor in that area, he would have seen it.
Even if Mr. Stutson’s testimony is discounted, the other facts mentioned in the preceding paragraph suggest that the Icee was on the floor for such a short period of time that its presence on the floor could not have been detected before the fall using the most reasonable inspection procedures. An analogous situation existed in Baptiste v. Schwegmann Brothers Giant Supermarkets, Inc., 338 So.2d 1163 (La.App. 4th Cir. 1976). There, a customer slipped and fell on some ice cream. When she first noticed the ice cream it was completely melted. This did not give any indication, though of the amount of time the ice cream had been on the floor when plaintiff slipped because she did not realize until up to an hour after her fall what caused her slip. Therefore, the Court dismissed the possible defense that the foreign substance had been on the floor such a short period of time that the most reasonable inspection would not have discovered it. Even though that defense was disallowed, the five man court was sharply divided, three to two, on whether the reasonableness of the inspection procedures exculpated the defendant from any inference of negligence. The majority concluded that the inspection procedures, which were as reasonable as the ones employed here, did not satisfactorily discharge the defendant’s burden. We feel that the additional facts in this case, that (1) the Icee was still partially frozen when it was slipped on, and (2) Mr. Stutson’s testimony that he had inspected that area of the floor two minutes before the accident without discovering anything distinguishes this case from the Baptiste case and are sufficient enough distinctions to warrant a different result.
For the above and foregoing reasons, then, the judgment denying plaintiff’s claims against defendant is affirmed because neither the defendant, Howard Brothers, nor its employees, were negligent. All costs are assessed against the plaintiff, Loiva Rigney.

AFFIRMED.

. He explained that he did this because Saturday afternoon was his day off and he did not want to leave the store without inspecting it again. He could not testify that he remembered inspecting the store on the Saturday afternoon in question but the inspection was such a part of his routine that he felt confident he did perform the inspection.