505 So.2d 831 (1987)
Dorothy Ross RITCHIE, Plaintiff-Appellant,
v.
S.S. KRESGE COMPANY, INC., d/b/a K-Mart, Defendant-Appellee.
No. 18513-CA.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1987.
Writ Denied June 5, 1987.
*832 Bruscato, Loomis & Street by C. Daniel Street, for plaintiff-appellant.
Davenport, Files & Kelly by Mike C. Sanders, for defendant-appellee.
Before MARVIN, FRED W. JONES, Jr. and SEXTON, JJ.
SEXTON, Judge.
Plaintiff, Dorothy Ritchie, brought this action against K-Mart as a result of injuries sustained in a slip and fall accident. A jury resolved the factual dispute in favor of the plaintiff and awarded her $12,400 including special damages, but found the plaintiff partially at fault and reduced that amount by fifty percent commensurate with its assessment of the plaintiff's comparative negligence. Thus, judgment was entered on the jury verdict awarding plaintiff $6,200.
Plaintiff appeals this judgment contesting any assessment of negligence on her part. K-Mart answers, contesting the finding of fault on its part and also challenging the taxation of all trial costs against it. There is no dispute as to the amount of damages awarded. We affirm.
The facts leading up to the present suit are as follows. On December 13, 1983, plaintiff, Mrs. Ritchie, a 51-year-old housewife, entered K-Mart, a self-service department store, in Monroe, Louisiana for the purpose of purchasing merchandise. She contends that while walking the middle aisle and looking up at the signs which were located above the aisle indicating different departments, she slipped and fell on *833 a piece of clear cellophane. This fall resulted in injuries to her tailbone and lower back areas.
A jury's finding of fact should be affirmed unless characterized by manifest error, and should not be upset except in the most compelling and clearest case of error. Triangle Trucking Company v. Alexander, 451 So.2d 638 (La.App. 3rd Cir.1984); Varnado v. Continental Insurance Company, 446 So.2d 1343 (La.App. 1st Cir. 1984); Dieudonne v. Guidry, 336 So.2d 990 (La.App. 3rd Cir.1976), writ denied 339 So.2d 853 (La.1976); Hooper v. Wilkinson, 252 So.2d 137 (La.App. 3rd Cir.1971).
Louisiana's "slip and fall" jurisprudence recognizes that a storekeeper has an affirmative duty to exercise reasonable care to keep his floors in a safe condition. He is not, however, the insurer of the safety of his patrons. Smith v. Reliance Insurance Company, 431 So.2d 907 (La.App. 2d Cir. 1983); Taylor v. Kroger Company, Inc., 449 So.2d 1175 (La.App. 2d Cir.1984).
Once it is established that a dangerous condition existed on the store's floor which was a causation of the plaintiff's fall, the burden then shifts to the defendant store owner to exculpate himself from negligence. Gonzales v. Winn-Dixie Louisiana, Inc., 326 So.2d 486 (La.1976); Miller v. Smith, 402 So.2d 688 (La.1981).
The duty of the store owner to protect customers from foreign substances is one of reasonable care under the circumstances. Reasonable protective measures, including periodic inspections, must be taken to keep the aisles and floors free from substances or objects that may cause customers to fall. Robinson v. F.W. Woolworth and Company, 420 So.2d 737 (La. App. 4th Cir.1982); Gonzales v. Winn-Dixie Louisiana, Inc., supra. In determining whether a store owner has met the reasonableness standard concerning protective measures, the circumstances of each case must be taken into consideration. The factors considered should include the type and volume of merchandise, the type of display, the floor space utilized for customer service, the nature of customer service, and the volume of business. Rigney v. Howard Brothers Discount Stores, Inc., 387 So.2d 38 (La.App. 3rd Cir.1980); Robinson v. F.W. Woolworth & Company, supra.
Mrs. Ritchie's alleged fall occurred in the center or main aisle of K-Mart which is essentially a dry goods store. The assistant manager for K-Mart testified that every night a crew of three men cleans the floors of the store. During the business day each employee is responsible for picking up any objects observed by him and calling a stockperson in case of spills. Each assistant manager is responsible for periodic inspections of his area of the store and for correcting any problems. There is, however, no person who has the sole duty to inspect floor areas, nor is there a policy of routine periodic inspections for spills or other hazards. Rather, employees were instructed to be on constant lookout for dangerous conditions.
Although the assistant manager testified that there were employees constantly in all areas of the store, there was no evidence presented to show that any inspection had actually been made around the time of the accident of the aisle where Mrs. Ritchie allegedly fell.
In support of its contention that it was not negligent, the defendant-appellee cites much of the jurisprudence noted earlier with respect to the duty of a store owner, and particularly emphasizes that in this dry goods store, as contrasted to a grocery store, defendant met the standard of care required. However, considering the jurisprudence aforesaid and the circumstances of the inspection and floor maintenance procedures in this store, we determine that the jury did not commit manifest error by finding that defendant was fifty percent at fault.
Plaintiff-appellant, in contesting the assessment of negligence against her, emphasizes that her attention was diverted by her search for the housewares department and emphasizes that the cellophane bag was difficult to see unless one was "close enough to it." However, as well, we find *834 that the jury committed no error in assessing Mrs. Ritchie with fifty percent of the fault. There is sufficient evidence upon which the jury could make a reasonable determination that the plaintiff was not maintaining a proper lookout and failed to observe what a reasonable person should have seen under the circumstances.
Plaintiff testified that she had entered the store planning to purchase "some little hooks" and had proceeded about half-way down one of the main aisles searching for the housewares department where she anticipated finding these hooks. She said that she was looking for the sign indicating that department when she slipped on a cellophane wrapper of the type similar "to a package socks comes in." When queried about the difficulty of observing the bag, the plaintiff reported "I didn't have any trouble after I looked down at the floor at it." The bag, which was not introduced into evidence was a clear plastic bag which apparently contained black writing on it. The tile floor in the area was of a light color.
We are aware of a similar recent case, Bonnette v. K-Mart, Inc., 502 So.2d 202 (La.App. 3rd Cir.1987), in which the Court of Appeal reversed the jury's assessment of 50% negligence on the part of the plaintiff and instead found the plaintiff blameless in the accident. In that case, the plaintiff fell on a puddle of water and ice in an area of the store where soft drinks were apparently available for purchase. The length of time the material had been on the floor was uncertain, except that the ice obviously had not melted.
While there are arguable differences between the cases, there are probably more similarities. There is perhaps a significant distinction in that the fall in Bonnette occurred in an area where soft drinks were available and this fall occurred in the dry goods portion of the store. We agree that a store owner has a higher duty in an area where soft drinks are regularly dispensed in volume than in a dry goods portion of the store. The puddle in Bonnette was entirely clear and was apparently significantly larger than the wrapper here. However, both plaintiffs have the same duty to see and observe what they should have seen.
To the extent that Bonnette may be similar to this case, we choose not to follow it and determine that there was sufficient evidence available to the trier of fact to find each side equally at fault in this occurrence. See and compare plaintiff-appellant's pre-comparative jurisprudence affirming trial court determinations that the plaintiff was free from contributory negligence. Stewart v. National Food Stores of Louisiana, Inc., 341 So.2d 1177 (La.App. 1st Cir.1976), writ denied 343 So.2d 1073 (La.1977); Chester v. Montgomery Ward and Company, Inc., 311 So.2d 572 (La. App. 3rd Cir.1975).
We feel mandated to defer to the jury's discretion and its assessment of the crucial credibility determinations so inherent in cases of this type. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand 370 So.2d 1262 (La.App. 3rd Cir.) writ denied 374 So.2d 660 (La. 1979). Moreover, we are concerned that Bonnette may significantly raise a storekeeper's duty, essentially obviating a customer's obligation to observe what should be seen.
The second issue in this case presents the question of whether the trial court was in error in assessing all costs against the defendant, though both parties were found equally at fault. We note that recently a separate panel of this court reversed the trial court and apportioned costs in accordance with the assessed percentages of fault. Price v. Louisiana Farm Bureau Mutual Insurance Company, 457 So.2d 722 (La.App. 2d Cir.1984), writ denied 462 So.2d 205, 462 So.2d 206 (La.1985). However, in reviewing a similar request for apportionment in accordance with fault, the First Circuit found no abuse where all trial costs had been taxed to the defendant. Robertson v. Penn, 472 So.2d 927 (La.App. 1st Cir.1985).
Generally speaking, the trial court has the discretion to assess costs in the manner it determines is equitable. LSA-C.C.P. Art. 1920. This discretion *835 should not be disturbed absent a showing of abuse thereof. Dubois v. Louviere, 462 So.2d 1275 (La.App. 5th Cir.1985), writ denied 467 So.2d 534 (La.1985). The instant plaintiff's suit resulted in a significant recovery based on a substantial assessment of fault against the defendant. Under the circumstances, we believe the approach of Robertson v. Penn, supra, to be more appropriate than that of Price v. Louisiana Farm Bureau Mutual Insurance Company, supra, and find no abuse of discretion by the trial court in assessing all costs against the defendant.
The judgment of the trial court is affirmed in all respects.
AFFIRMED.