SEXTON, Judge.
Plaintiffs appeal a jury finding of no liability on the part of the defendants. The suit involves personal injuries arising out of a motor vehicle accident between an automobile being driven by plaintiffs’ minor child and an irrigation pipe trailer being towed by a truck driven by the employee of one of the defendants. We affirm.
On July 2, 1987, Sheila Dawson, the 15-year-old daughter of the plaintiffs, was driving her employer’s automobile in a westerly direction on U.S. Highway 165 in Morehouse Parish when she overtook a farm truck towing an irrigation pipe trailer. Immediately before the accident, the driver of the truck engaged his right turn signal, slowed his vehicle, and maneuvered the truck and trailer partially off the highway onto the shoulder in preparation for a turn into an agricultural field.
As the Dawson girl was in the process of executing a passing maneuver, her vehicle ran into the rear of the trailer. The trailer was designed and built with a front and a rear towing tongue in order to facilitate its use in the field where executing a turnaround while towing a trailer could be difficult or inconvenient. Instead, the dual tongue design made it possible to unhitch the trailer, turn the truck around, and re-hitch it at the other end in order to head in the opposite direction. When her vehicle collided with the trailer, it became impaled on the rear towing tongue.
The impact caused the front tongue of the trailer to break off while the remainder of the trailer remained embedded in the Dawson vehicle. Her vehicle spun and/or slid across the highway, coming to rest pointed in an easterly direction.
The tongue either projected through the engine compartment into the passenger compartment of the vehicle or forced a piece or pieces from the engine into the passenger compartment, striking Miss *1294 Dawson. She suffered serious injuries which resulted in a difficult and complicated recuperative period.
Miss Dawson’s parents filed suit, individually and on her behalf, against the owner of the truck and trailer, the truck’s driver, and their respective insurance companies. Following a trial lasting several days, the jury returned a verdict finding no liability on the part of the defendants. Plaintiffs now appeal, raising several assignments of error.
JURY CHARGES
Plaintiffs’ first two assignments of error concern the district court’s use of one of the defendants’ requested jury instructions and its failure to use one of plaintiffs’ requested jury instructions. Defendants argue that the district court’s instructions were adequate and that we should exercise restraint in our review on this issue.
This court recently examined the applicable law on appellate review of jury instructions:
Adequate jury instructions are those that fairly and reasonably point up the issues and provide correct principles of law for the jury to apply to those issues. The trial judge is not required to give the precise instructions submitted by the litigants; he need only give instructions that properly reflect the applicable law and adequately convey the issues to the jury. Even if the requested instructions are fair statements of the law, the trial judge need not include them verbatim but must strike a fair balance so that no one issue is unduly emphasized.
Fuller v. Aircraft Insurance Group, 530 So.2d 1282, 1286 (La.App. 2d Cir.1988), writ denied, 534 So.2d 444 (La.1988), cert. denied, — U.S. -, 109 S.Ct. 1954, 104 L.Ed.2d 424 (1989) (citations omitted).
In their first assignment of error, plaintiffs argue that the district court erred when it gave the following jury charge which had been requested by the defendants:
The provisions of the Highway Regulatory Act with respect to equipment such as lights or flags on vehicles do not apply to implements of agriculture ... when they are temporarily upon the highways.
This instruction was a paraphrase of the first sentence of LSA-R.S. 32:53C. Plaintiffs contend that the jury should have been charged instead with the language in LSA-R.S. 32:313 involving the extension of a load more than four feet beyond the bed of a vehicle.[1]
Plaintiffs, however, failed to request this instruction in the trial court. Any trial court error to give a specific jury instruction will not be considered on appeal where that instruction is not requested below. Ealy v. Bill Allen Dodge, Inc., 466 So.2d 52 (La.App. 2d Cir.1985). Further, plaintiffs’ argument is not well taken. Defendants were entitled to have the jury instructed that there was no statutory obligation to have the irrigation pipe trailer equipped with special lighting equipment or flags.
Section 313, under the circumstances, would have been an inappropriate instruction. The record is clear that both tongues were part of the trailer and, as such, did not constitute a “load” on the trailer. “Load” means a weight or quantity of anything resting upon something else regarded as its support. LSA-R.S. 32:1(31). Accordingly, had plaintiffs specifically requested an instruction based upon section 313 and had the exemption contained in LSA-R.S. 32:53C not applied, the facts of this case clearly show that there *1295 was no flagging. ‘load” which required lighting or
Notwithstanding, plaintiffs argue that the district court should have given additional instructions to the jury that defendants’ compliance with the Highway Regulatory Act or their exemption from its provisions did not, in and of itself, preclude a finding of negligence. They argue, in reliance on Cartwright v. Freeman’s Insurance Company of Newark, N.J., 254 La. 330, 223 So.2d 822 (1969), that the provisions of said Act do not affect principles relating to civil liability.
Plaintiffs thus contend that irrespective of the exemption contained in LSA-R.S. 32:53C, the question of whether defendants should have taken precautions regarding placing some sort of warning on the trailer tongue is not necessarily answered by the Act, but should be determined in accordance with general tort law.
Again, plaintiffs’ failure to request such an instruction in the trial court is fatal. Ealy v. Bill Allen Dodge, Inc., supra. With respect to the instructions themselves, we note that the district court carefully reviewed Louisiana’s Civil Code articles regarding negligence and the concept of fault. The court explained the concept of fault and illustrated the application of a standard of care with an example of an ultrahazardous activity in order to demonstrate that one’s standard of care was a flexible matter which depended on the activity in question and the risks created by the activity.
The district court also explained to the jury how one’s degree of care as an “ordinary prudent person under the same or similar circumstances” varied under the circumstances with which one is faced.
Finally, the district court reviewed several sections of the Highway Regulatory Act, including those concerning motorists executing a turn from a highway onto a private drive or roadway, executing a passing maneuver and following another vehicle at a safe distance.
Our review of the jury instructions given by the district court leads us to conclude that they fairly and reasonably pointed up the issues and provided correct principles of law for the jury to apply to those issues. The instructions properly reflected the applicable law and adequately conveyed those issues to the jury. The instructions struck a fair balance so that no one issue was unduly emphasized. Based upon our review, we find no merit to this assignment of error.
Plaintiffs also argue that the district court erred in not giving their requested jury instructions on strict liability. Defendants argue that the issue was not strict liability but the standard of care exercised by the various individuals. They argue that the trailer’s having the potential to be dangerous does not make it unreasonably dangerous for normal use. Accordingly, they take the position that no jury instruction was necessary regarding strict liability.
The district court declined to charge the jury on issues of strict liability because of the conclusion that, although the pipe trailer was a potentially dangerous instrumentality, the issue before the jury was more appropriately whether there was any negligence in the handling of the trailer by the truck driver towing it.
The initial decision of whether a thing poses an unreasonable risk of harm is one of law for the court to make and must be based upon the court’s appreciation of whether reasonable minds can differ on the point. If the court believes the thing does present an unreasonable risk of harm, or that reasonable minds could differ, only then is it appropriate to instruct the jury on the law set forth in Article 2317 of our Civil Code. Kent v. Gulf States Utilities Co., 398 So.2d 560 (La.App. 1st Cir.1980), affirmed, 418 So.2d 493 (La.1982).
In the court below, the district judge obviously concluded that, although the pipe trailer presented a risk of harm, it was not an unreasonable risk of harm under the circumstances. After reviewing the testimony and evidence in the record, we find this conclusion to be correct. The pipe trailer was painted bright yellow, was being towed slowly behind a truck in an *1296 agricultural area, and the truck towing the trailer had brake and signal lights which were clearly visible through the structure of the trailer. Although the trailer had a tongue which protruded from the rear of the structure which presented a risk of harm, we do not find that said risk was unreasonable under the circumstances. Stated differently, we find that this trailer presented a risk of harm which, given the exemption contained in LSA-R.S. 32:53C, our legislature has already determined to be a reasonable risk of harm. Accordingly, because we agree with the district court that the pipe trailer did not present an unreasonable risk of harm, there was no abuse of discretion in refusing to charge the jury regarding strict liability.
LIABILITY
In two separate assignments of error, plaintiffs argue that the jury below erred in not finding that the defendants were solely at fault in causing the accident or, in the alternative, that the jury should have applied the principles of comparative fault to reduce their recovery rather than denying them a recovery altogether. Defendants argue that the jury’s verdict is entitled to much discretion.
It is well-settled that the verdict of the jury should be affirmed by the appellate court unless the record reflects that the jury’s conclusions of fact are not supported by the evidence or the application of law by the jury is clearly erroneous. Further, where there is conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Doss v. Hartford Fire Insurance Co., 448 So.2d 813 (La.App. 2d Cir.1984), writ denied, 450 So.2d 359 (La.1984).
In a tort action where the only real issue is reasonableness of conduct, the determination and apportionment of fault are factual matters. Finley v. Bass, 478 So.2d 608 (La.App. 2d Cir.1985). A jury’s finding of fact should be affirmed unless characterized by manifest error, and should not be upset except in the most compelling and clearest case of error. Ritchie v. S.S. Kresge Company, Inc., 505 So.2d 831 (La.App. 2d Cir.1987), writ denied, 507 So.2d 227 (La.1987).
Our supreme court, in Rosell v. ESCO, 549 So.2d 840 (La.1989), recently gave lengthy consideration to the role of the appellate courts when reviewing decisions from the district courts:
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. In applying the manifestly erroneous-clearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues de novo.
When findings are based on determinations regarding the credibility of witnesses, the manifest error-clearly wrong standard demands great deference to the trier of fact’s findings; for only the fact-finder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Where ... the witness’s story ... is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit *1297 the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. ... But where such factors are not present, and a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.
Rosell v. ESCO, supra at 844-45 (footnote omitted, citations omitted).
We have reviewed the entire record, including the photographs and the videotape submitted into evidence, as well as the testimony of all witnesses, both lay and expert, and are unable to say that the jury’s conclusions are manifestly erroneous.
The evidence reflects that the truck driver slowed the truck and trailer in anticipation of executing a right turn, engaged his right turn signal, and moved the truck and trailer partially off the road as he approached the drive leading into the field. A following motorist and her passenger both testified regarding the speed at which Miss Dawson was traveling, as well as that of the truck and trailer. Their testimony established that Miss Dawson was traveling at a considerable rate of speed, contrasted with the truck and trailer, which had been traveling slowly and had begun to slow even more in preparation for its turn. They also testified that the Dawson vehicle had begun to execute a passing maneuver when it jerked suddenly and began to turn around and slide across the highway.
Plaintiffs argue that the evidence established that the accident occurred in the passing lane when the rear tongue of the pipe trailer swung left as the trailer turned to the right, causing plaintiffs’ daughter to run into the tongue. However, defendants argue that the evidence more appropriately established Miss Dawson was driving too fast, was following too closely, and failed to change lanes sufficiently in advance to safely execute the passing maneuver, thus causing her to impale her vehicle on the trailer’s rear tongue when she rear-ended the trailer.
Although the record demonstrates that either scenario is plausible, the jury chose to believe the defense contentions over those of the plaintiffs. This result is supported by the record and we fail to find that the jury was manifestly erroneous/clearly wrong in so concluding. This determination, of course, precludes the necessity that we consider the plaintiffs’ contentions regarding damages.
Plaintiffs also argue that the district court erred in failing to grant their Motion for Judgment Notwithstanding the Verdict or, in the alternative, their Motion for New Trial. The bases for these alternative motions are that the district court erred regarding the jury instructions and that the jury’s verdict was contrary to the evidence. For the same reasons that we found no error when considering those issues above, we similarly find no merit to plaintiffs’ argument that their motions should have been granted by the district court.
Because we find no merit to any of the plaintiffs’ arguments, the judgment of the district court in favor of defendants is hereby affirmed with all costs to be paid by plaintiffs.
AFFIRMED.

. The language of LSA-R.S. 32:313 in its entirety is:
Whenever the load upon any vehicle extends to the rear four feet or more beyond the bed or body of such vehicle there shall be displayed at the extreme rear end of the load, at the time specified in R.S. 32:301, a red light or lantern plainly visible from a distance of at least 500 feet to the sides and rear. The red light or lantern required under this Section shall be in addition to the red rear light required upon every vehicle. At any other time there shall be displayed at the extreme rear end of such load a red flag or cloth not less than 12 inches square and so hung that the entire area is visible to the driver of a vehicle approaching from the rear.