| iWICKER, Judge.
Cherolyn Delpit appeals the dismissal on summary judgment of her lawsuit for injuries sustained by her two-year-old daughter, Chelby Handy, in a shopping mall. The defendants are Greater Lakeside Corpora *1018 tion, individually and doing business as Lakeside Shopping Center, and Lakeside Shopping Center (hereafter referred to collectively as “Lakeside”). We affirm.
Delpit’s petition set out the following facts: On June 17, 1994 she was shopping at Lakeside Shopping Center in Metairie with her children and some friends. Toddler Chelby bent over to pick up a piece of paper from the floor and struck her head on the edge of a bench in the mall. Chelby sustained a severe laceration over her left eyebrow that required sutures. Delpit contended Lakeside was hable in negligence and strict liability.
After engaging in discovery Lakeside filed a motion for summary judgment, alleging that plaintiff had produced no evidence that the bench was unreasonably dangerous. The trial court granted summary judgment without assigning reasons.
“The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action.... The procedure is favored and shall be construed to accomplish these ends.” La.Code Civ. P. Art. 966(A)(2). A motion for |2summary judgment which establishes that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law shall be granted against an adverse party who fails to make a showing sufficient to establish the existence of proof of an element essential to his claim, action, or defense and on which he will bear the burden of proof at trial. La.Code Civ. P. Art. 966(C). Nevertheless, the burden of proof remains with the mover. La.Code Civ. P. Art. 966(G).
While this case was pending on appeal the legislature amended La.Code Civ. P. Art. 966, adding subparagraph C(2), as follows:
(2) The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mov-ant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Acts 1997, No. 483, § 1.
The preamble of Act 483 indicates the purpose of the amendment to paragraph C is “to establish and allocate the burden of proof.” The act further states, “The purpose of Sections 1 and 3 of this Act is to clarify Acts 1996, No. 9, § 1 of the First Extraordinary Session of 1996 and to legislatively overrule all cases inconsistent with Hayes v. Autin, 96-287 (La.App. 3rd Cir. 12/26/96), 685 So.2d 691.” Acts 1997, No. 483, § 4.
In Hayes v. Autin, supra, the Third Circuit Court of Appeal analyzed the changes made in summary judgment law by Acts 1996, First Extraordinary Session, No. 9, which amended La. Civ.Code Art. 966. Noting the new provision that summary judgment is favored, the court found that the prior jurisprudential presumption against granting summary judgment had been legislatively overruled by the amendment: “In effect, the amendment ‘levels the playing field’ between the parties in two ways: first, the supporting documentation ^submitted by the parties should be scrutinized equally, and second, the overriding presumption in favor of trial on the merits is removed.” Hayes v. Autin, 685 So.2d at 694.
To recover under La.C.C. [art.] 2317, a plaintiff must prove that he was injured by a thing which was in the care or custody of the defendant and that such thing was. defective. * * * To recover under La. [C.C. art.] 2322 against an owner of a building, a plaintiff must prove that the building posed an unreasonable risk of injury to others and that he was damaged by virtue of this risk.
Celestine v. Union Oil Co. of California, 94-1868 (La.4/10/95); 652 So.2d 1299, 1303.
The validity of the trial court’s ruling must be determined by applying these legal principles to the undisputed facts established on the motion for summary judgment. In sup *1019 port of the motion Lakeside filed excerpts from plaintiffs deposition, photographs of the benches in the seating area where Chel-by was injured, and an affidavit by the manager of the shopping mall.
In the deposition excerpts plaintiff testified that the seating area was made of unfinished bricks, “meaning they didn’t finish the edges, which makes it sharp enough to split a two-year-old’s skin.” She stated further, “In other words, it was brick butting up against each other. And, when they come together, it was unfinished and they didn’t finish the edge off, so this is what happened.” Defendants’ photographs, however, show that the benches in question surround a fountain and are faced with smooth marble. Where the marble plates meet at the edges of the surfaces, they end at right angles instead of being rounded, which apparently is what plaintiff claims is a dangerous defect.
The affidavit of Glen Wilson, General Manager of Lakeside Shopping Center, states that he is not aware of any similar accident where someone was injured as a result of contact with the marble fountain or any of the marble areas surrounding the fountain. Further, he states that the fountain area has been in its present existing condition since 1989.
Plaintiff presented no photographs or counteraffidavit in opposition to those presented by defendants. She argued in her memo that the benches in the seating area are made of unfinished brick with a “rough surface” and a “very sharp ... rugged edge,” which “does not lampóse a danger to one sitting on the bench, except it may pinch or scratch ... [but] certainly presents more of a danger to an individual who would fall and hit his head on it, than ... would ... a piece of rounded marble or stone,” because “the jagged edge could, and did, cut Chelby Handy in this case.” She asserted there is a different standard of care with respect to minors and adults, because “[t]he likelihood of a two-year-old child who stoops over and bumps his or her head on such an object is great.”
In this case, there is no question that plaintiffs child was injured by a thing in the custody of the defendants — i.e., the edge of the marble bench. The question is whether the edge of the marble bench posed an unreasonable risk of injury.
Defendant cites the case of Dawson v. Clark, 564 So.2d 1291, 1295 (La.App. 2 Cir.1990), in which the court stated that a determination of unreasonable risk is a matter of law:
The initial decision of whether a thing poses an unreasonable risk of harm is one of law for the court to make and must be based upon the court’s appreciation of whether reasonable minds can differ on the point. If the court believes the thing does present an unreasonable risk of harm, or that reasonable minds could differ, only then is it appropriate to instruct the jury on the law set forth in Article 2317 of our Civil Code.
In Entrevia v. Hood, 427 So.2d 1146, 1149 (La.1983), the supreme court cautioned, “The unreasonable risk of harm criterion, however, is not a simple rule of law which.may be applied mechanically to the facts of a case.” The judge must consider the facts and their relation to the ideals of justice and social utility, together with moral, social and economic values, in reaching an intelligent and responsible decision. Id.
“Thus, the determination of whether a particular risk of harm is reasonable is a matter wed to the facts of the ease. Perhaps except only in ultrahazardous eases, it is impossible and improper to characterize a risk as unreasonable without consideration of the surrounding circumstances.” Celestine, supra, at 1304.
In the case before us the child apparently was standing too close to the bench, so that her head struck it when she stooped over. Given her extreme youth, the child cannot be 15faulted for her action, which was unusual and out of the ordinary. There is no evidence that the edge of the bench otherwise presents a risk of harm. There was no evidence of any other accidents related to the marble area around the fountain. The social utility of the area, which obviously provides seating and a rest area for shoppers at the mall, is apparent. Under the circumstances *1020 of this case, therefore, we find no error in the trial court’s legal determination that the condition of the marble bench does not present an unreasonable risk of injury, so that defendants are not liable either in negligence or in strict liability.
For the foregoing reasons, the summary judgment is affirmed. Costs of this appeal are assessed against plaintiff.
AFFIRMED.